NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-894

GREG B. FOWKE

vs.

KATHERINE L. HOLLAND.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After trial, a judge of the Probate and Family Court entered a judgment for custody, support, and parenting time of the parties' minor child.  The mother appeals, arguing principally that the trial judge abused her discretion and made erroneous findings in denying her equal parenting time.  We affirm.

Background.  We provide a brief summary of the judge's factual findings and the procedural history, reserving some details for later discussion.  The parties, who were never married, were involved in a romantic relationship beginning in 2008.  They resided together in a home owned by the father and had one child who was born in 2013.  During the child's early

years, both parents worked full time and shared in caring for the child.  The parties' relationship ended in 2022.  The father, after experiencing several incidents involving the mother's excessive use of alcohol, filed an action for custody, support and parenting time pursuant to G. L. c. 209C.

In September 2022, the judge issued a temporary order incorporating the agreement of the parties.  The parties were awarded joint legal custody of the child with primary physical custody to the father.  The temporary order, which was in effect at the time of the trial, required the mother to submit to alcohol testing five times per day, enroll in outpatient counseling for alcohol dependency, and produce all treatment records to the father's counsel.  The parties agreed that the mother would have unsupervised parenting time every other weekend and every Tuesday and Thursday after school, or 2:30 P.M. if no school, until 7:00 P.M.

Trial occurred over two days on March 29, 2024, and April 1, 2024.  In a detailed written decision, the judge ordered that the parties share joint legal custody of the child and established a parenting schedule.  The parenting schedule essentially continued the temporary order's schedule and included a holiday parenting plan.  In the findings of fact, the judge found that both parents were thoughtful and loving parents, both parents had been involved with the child's day-to-

day care, and that the child was attached to both parents. However, due to the mother's prior alcohol consumption, the judge concluded that the best interests of the child were to continue with essentially the same current parenting schedule, rather than award equal parenting time. The judge acknowledged the mother's success in maintaining sobriety, noting that the mother would no longer have to submit to alcohol testing, or any other type of supervision as a condition to her parenting time, and concluded that "[t]he Court hopes that Mother will be able to establish a record of full-time employment, and the ability to reenter the stress of day-to-day life while maintaining sobriety. If this happens, a modification of the current parenting plan would be in order."

Discussion. "Parents have an equal right to custody of their children." See Hunter v. Rose, 463 Mass. 488, 494 (2012). In determining custody matters the "touchstone inquiry [is] . . . what is best for the child, and [t]he determination of which parent will promote a child's best interests rests within the discretion of the judge . . . [whose] findings . . . must stand unless they are plainly wrong" (quotations omitted). Malachi M. v. Quintina Q., 483 Mass. 725, 740 (2019), quoting Hunter, 463 Mass. at 494. A judge's factual findings will "not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the

3

credibility of the witnesses."  Mass. R. Dom. Rel. P. 52(a).  "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  Barboza v. McLeod, 447 Mass. 468, 469 (2006), quoting Marlow v. New Bedford, 369 Mass. 501, 508 (1976).  See Schechter v. Schechter, 88 Mass. App. Ct. 239, 245 (2015).

In her appeal, the mother claims that the judge made erroneous findings and abused her discretion by ordering a parenting schedule that does not give the mother equal parenting time.  In essence, the mother argues that the judge's determination of the best interests of the child improperly focused on the mother's prior alcohol consumption.  She argues the judge erroneously concluded that the mother was in denial of her substance use disorder, ignored that she had taken extraordinary steps to remain sober since 2022, and ignored the guardian ad litem's (GAL) recommendation that the best interests of the child would be served by the mother having equal parenting time of the child.[1]  We disagree.

---

[1] The mother also argues that the judge's holiday parenting schedule was an abuse of discretion because it deviated from the family's past practice of spending most of the summer and Christmas breaks in South Dakota.  The mother essentially requests equal holiday custody despite the award to the father of primary physical custody.  The mother cites no case, nor have we found any, supporting the proposition that a judge must evaluate holiday custody differently from custody during the

4

A central issue -- if not the sole issue -- at trial was the father's allegation that the mother suffered from a substance use disorder.  The judge heard testimony from the father, the mother, and the GAL on this subject.  In the end, the judge credited the testimony of the father as to the mother's prior use of alcohol and made specific findings of fact regarding mother's excessive use of alcohol, her minimization of her use of alcohol, and the impact that it had on the parties' relationship and the child, including incidents where she was intoxicated or drinking alcohol in the child's presence.  The judge specifically found that the mother was in denial when she testified that her consumption amounted to social drinking and that her drinking habits had not increased since 2016.  The judge articulated specific reasons for her conclusion, for example referencing the mother's severe intoxication at a New England Patriot's football game that required her to be transported by ambulance to the hospital.  The judge also did not believe mother's version of events that she had fallen down a set of stairs twice during a family celebration, not because she was intoxicated, but because the stairs were treacherous. The judge concluded that the evidence "supports a finding that

_____

school year.  Accordingly, our analysis of the overall custody determination is dispositive of this argument as well.

5

Mother clearly developed a drinking problem."[2]  This finding is supported by the record and does not amount to an abuse of discretion.

While the judge properly considered and credited the mother's lengthy period of sobriety and participation in substance use treatment, she also appropriately considered that, because the mother never admitted to having an alcohol problem and blamed her drinking on the stress of interacting with the father, that it was unclear if the mother would continue to engage in substance use treatment in the future.  Moreover, at the time of trial, the mother expressed her intent to return to full-time employment but had yet to do so.  We do not read the judge's decision as establishing full-time employment as a condition of obtaining equal parenting time.  Rather, the mother expressed that her goal was to return to full-time employment, so it was appropriate for the judge to consider this fact.  It was proper for the judge to consider that the mother remained sober during a time in which she was not in the work force, and that the mother had not established a track record of sobriety while balancing the stressors of being employed full time and

_____

[2] In her findings of fact, the judge also stated that "[t]he events that evidence her drinking is far beyond social drinking are serious.  The Court finds that both Mother and the GAL downplayed these events and their impact on Mother's ability to safely coparent the child."

6

supporting herself and her child.  See Adoption of Ulrich, 94 Mass. App. Ct. 668, 676 (2019), quoting Custody of Michel, 28 Mass. App. Ct. 260, 270 (1990) (judge can consider "pattern of 'past conduct to predict future ability and performance'").

The judge also considered, but ultimately rejected, the GAL's recommendation regarding parenting time, finding that the GAL had failed to address several key issues surrounding the mother's alcohol consumption and its impact on the child. Disagreeing with the recommendations of the GAL, without more, does not amount to an abuse of discretion.  The judge was not required to accept the GAL's recommendation, as she provided sufficient support for her decision concerning parenting time. See Mason v. Coleman, 447 Mass. 177, 186 (2006) (judge not required to adopt opinions of GAL).

In sum, the mother's challenges to the judge's findings "amount to no more than a disagreement with the judge's weighing of the evidence and credibility determinations regarding witnesses." Adoption of Don, 435 Mass. 158, 166 (2001).  "In a bench trial credibility is 'quintessentially the domain of the trial judge [so that her] assessment is close to immune from reversal on appeal except on the most compelling of showings.'" Prenaveau v. Prenaveau, 81 Mass. App. Ct. 479, 496 (2012), quoting Johnston v. Johnston, 38 Mass. App. Ct. 531, 536 (1995).

There was no abuse of discretion in the determination of parenting time.[3]

Judgment affirmed.

By the Court (Sacks,
Englander & Walsh, JJ.[4]),

Clerk

Entered:  July 16, 2025.

---

[3] We decline to award attorney's fees to either party.

[4] The panelists are listed in order of seniority.